Please all rise. Hear ye, hear ye, hear ye. This Honorable Appellate Court of the 2nd Judicial District is now back in session. Pursuant to adjournment, the appellant, Susan F. Hutchinson, is out. Please be seated. Now, in this case, I'm going to judge Vista Securities Incorporated. Petitioner of appellate, DeKalb County Collector, respondent, this is number 2-15-1154, 2-15-1155, and 2-15-1156. Bringing them on behalf of Petitioner of Appellant, Mr. Mark S. Morphinex. Bringing them on behalf of the respondent appellee, Ms. Sarah Gallagher-Shannon. All right, good morning. I don't personally recognize either one of you as being here before. We do have time limits, but because we have a little interesting three cases here, we'll be a bit more generous with the time limits if we need that time. So I just wanted to let you know. Your primary objective is to listen for that bell, but we may extend that time with questions or give you extra time. All right, so Mr. Morphinex, if you are ready, you may proceed. Thank you. Good morning. Good morning. May it please the court, counsel. My name is Mark Morphinex, I represent Vista Securities. I will tell what I call one of the three lawyers' lives, but I expect to be relatively brief. I have set out the law and the facts in my brief, and I will rely heavily on that. We do need to go through the facts a little bit, though, if that's okay. The village of Cortland established by ordinance a special service area for the establishment of drainage and sewage pipes through a designated area. I also have to tell you, we will interrupt from time to time, and this is my first interruption. That's fine. Do we have a copy of that ordinance in this record? We do. It was marked as an exhibit and entered without objection. So it is a part of the common law record. Was that exhibit number two, I believe? I don't remember what the number of the exhibit. One or two, I think. They were going to erect a drainage and sewage lines and either establish or upgrade a pump station. So the ordinance was, in fact, recorded in the DeKalb County Recorder's Office. The loans were made to the municipality, the revenue bonds were issued by the municipality, the tax- Where's the evidence of that? Well, the evidence of that is by inference, because they've got to do that before they impose the tax, and they imposed the tax. The owners did not pay the tax. My client comes in as a tax purchaser and purchases four of those unpaid tax certificates on those lots that were a part of that special assessment and a part of that ordinance that was admitted in there. I mean, you're relying on these bonds on your lien argument, correct? No, that's correct, yes. And there's, I mean- They couldn't have- Would it be incumbent upon you to show some proof of the record that the bonds were issued other than inference? Well, I think it's a pretty solid inference when they could not impose the tax. The treasurer could not impose that tax on those individual designated lots unless those previous steps that I had just discussed had taken place. But isn't it your obligation to have the ordinance in the record? Well, the ordinance is-  I think a trial judge has an absolute right to draw inferences. And I think in this particular case, this is a very solid inference. The treasurer could not have issued or fixed those taxes on those lots and then sold them at a tax sale without the village of Cortland previously fulfilling their steps. Now, I'm not saying that Cortland didn't, but I've been here 22 years and I've had at least two cases where mistakes have been made and things have gone ahead on that inference, and we've had to correct it. So it still should be a matter of proof before it gets too far, don't you? Wouldn't you agree? To an extent, I would. I was relying at the hearing upon the inferences that could reasonably be drawn from the tax being imposed, the owner not paying it, the treasurer setting it up in the tax sale, and then the treasurer selling those unpaid taxes to my client. And your client purchased the unpaid taxes? That's correct. On four certificates, on four parcels only. For which year? 2009 is new and payable in 10, I believe. And would you agree that when we look at an issue involving sale and error, we examine the conditions or the status of the parcels at the time of the tax sale? We look back- It depends upon what ground you're proceeding under with your motion for declaration of sale and error. I mean, if I'm proceeding under bankruptcy at any time, I can file a motion. Right. Whenever the bankruptcy is filed. Here you're proceeding under the provision that the property is owned by the United States, the state of Illinois, a municipality or a taxing district, correct? Well, that's one of the other grounds that we alleged in our motion. We alleged three grounds in the motion. We alleged governmental ownership, we alleged municipal lien under the police and welfare powers of the municipality, and then we alleged assessors there. So as far as the governmental ownership- Well, with regard to the governmental ownership, with respect to that, don't we look at the status of the property at the time of the tax sale? No. Why is that? I think you can look at it at any time. If the government owned the Reba State property at the time of the tax sale, that's one- They rely on Thornton. Thornton involved a situation where the municipality owned the property at the time of the tax sale. That's correct. That's the one case that I can find. Have you looked at People vs. Rage, W-R-A-G-E? No, I have not. That's a 1960 Illinois Supreme Court case where the court distinguishes, the Supreme Court distinguishes taxing bodies from the county. The taxing bodies become the equitable owners with the legal title in the county as trustee. My interpretation of that is under Section 90 of 95, the county itself is a taxing body. The county, under a trusteeship, is acting as trustee for the benefit of all these other taxing bodies within the county. Prior to the trial court's ruling, the county still had not acquired a deed, correct? No, they had an order directing issuance of tax deeds. Again, my point is there was no deed, correct? No, they waited until after our hearing and after the court's ruling to record the trustee's deed. They still hold the deed as trustee for the Mince Families? No, they transferred all those properties back to the village of Cortland. So Cortland now owns all those properties in that subdivision. And would you agree that in looking at this statute, interpreting this provision, there's a presumption that the legislature did not intend to enact a statute with unjust consequences? Okay. Would you agree that that's the way we have to look at these provisions? I think that the, I'm not trying to disagree with you. I understand your point, but there are certain presumptions that you don't discuss in your brief. Now, when we review these, and there's also the presumption that we should not set aside a tax sale unless you have clearly met the statutory requirements and the evidentiary requirements. Would you agree with that? I would agree with that. As far as the evidentiary requirements in the trial court on a motion for declaration of sale and a preponderance of the evidence. So that's what we're looking at here. To the satisfaction of the court. I want to go back to your honor's previous question. When the period of redemption on those county certificates expired, we lost any right to redeem those taxes. They were now, as I like to say, locked in. So then they go, they get an order directing issuance of a tax deed. The last formality they had to go through is recording the tax deed, and that's it, they've perfected their interest. The one section of the statute, and it's 105, I think. Yeah, 35 ILCS 200 backslash 21-105, which I argued in the trial court, and I mentioned in my brief, provides a relevant part, liability of owner's rights of tax purchaser. Nothing in sections 2195 and 21-100, 95 being creation of the trustee program, shall relieve any owner of liable for delinquent property taxes under this code from the payment of any delinquent taxes or liens on and on. Sections 2195 and 21-100 shall not adversely affect the rights or interests of the holder of any bona fide certificate of purchase, which is my client, Vista Securities, upon acquisition of property by a governmental unit as set forth in section 2195, excuse me, the rights and interests of the holder of any bona fide certificate of purchase of the property for delinquent taxes shall be limited to a sale in air and a refund as provided under section 21-310. Did the county take under 21-90? I believe so. Because I mean, 21, this is kind of like a 21-105 slides 21-95, 21-95 slides 21-90, it's like a cascade. So we get back to 21-90, I think, ultimately, correct? That's correct, yeah. So if the county took under 21-90, and that's your argument, that then you're limited to a sale in air, if the county didn't take under 21-90, then you're not, correct? I'm positive 21-90 is how they took it as the county trustee for the county of DeKalb. Well, here's what your opponent argues in her brief. Petitioner has not provided any facts or circumstances to provide that the respondent county has invoked this process being 21-90, referring to 21-90. It's on page two of the brief. Second full paragraph. Well, I'm sorry, I'm looking at, 21-90 is the, is the section that the taxes are forfeited by the treasurer if nobody bids at the tax sale. They are forfeited to the county as trustee. Not to Joe Meyer, who is the actual agent, but to the county of DeKalb as trustee. That's the only way that they can get forfeited, is under 21-90. 21-95 deals with the, what I call, the merging of prior taxes. So once that county trustee records a tax deed, once a municipality records a deed, any prior taxes that are owed are merged into that deed. 21-105 establishes a remedy for the period of redemption expired. So they took a tax deed, or they got an order to direct the issuance under 21-90. They reduced it to a tax deed. When the period of redemption expired, we were foreclosed from taking a tax deed at that point in time. So our only remedy was, I believe, and it's our position. And you're talking about the case number 1439, that when you say they got the order. That's correct, 14-TX-39. Right, and the parties in that case were? The county trustee for the county of Winnebago, or for the county of DeKalb. And what's that? And Vista? Vista was not a party in 1439. Who was the other party? Well, we didn't own it at that point in time. It was the same owner that we had been dealing with. If that makes sense. Excuse me. Well, what doesn't make sense is that we're grasping and trying to find proof that 21-90 or 21-95 were in play. 21-90 was in place, and that's how they proceeded. That's the only way they can proceed to a tax deed, the county trustee, is under 21-90, my understanding of the law is. There's nothing else that I know of that's out there that says that the county can grab the land. We took the 10s, 11s, and 12s, we're forfeited, we were forfeited to the county as trustee, and we reduced them to deed. You've obviously, you do this on behalf of your client, who does this on a regular basis. Yes. Is it likely that an owner would deed the property to the county as trustee? I mean, have you run across that situation? I've done this for 19 years and I never have done it, never have. So the only way you're familiar with is unpaid and forfeiture, then to the county. Correct. All right. And looking at the time period, he owned the 10, the county trustee. The county is not a he, sorry about that. It. It had the 10s, 11s, 12s, on and on. They waited, period of redemption expired in June of 15. They waited until July, which was a regularly scheduled court date from six months prior when they finally petitioned for tax deed. Boom, they get the order directing issuance on that July date. That leads me to the only conclusion that nobody deeded him, former owner didn't deed him the property. Or pay, there was no payment either, no redemption. Correct. And the thing is that that would lead into my next argument. But the amount of this special assessment per lot was in the area of $100,000 per year. So owner didn't pay any of that because he's gonna pay $100,000 on the SSA assessment. Because you've got five, six, seven, eight more years of paying that $100,000 a year for a lot, that's just, it defies logic why the village of Cortland did it this way for an unplanned subdivision. Yeah. And is this, this is a single owner? Well, that I cannot answer. I do not, I would, I'd even hate to venture a guess. All right, you can, let's go then to- Can I just ask one more question real quickly? Staying on this first issue, in your closing argument, you backed off that on one of these properties. That's correct, and I wanted to point out in, what is it? 13 TX 19, 13 TX 20, those involved the county as trustee. They filed a petition for tax deed, they got an order directing insurance to tax deed, and they ultimately recorded a tax deed. In 21, they did not. That tax was not forfeited to the county at that 2011 tax sale. But I rely upon my next argument- That's just the next two arguments. Yeah, and assessors there, I'm going to stand on my brief, but- But, yeah, okay, now the fact that that wasn't forfeited to the county, does that create a, some, not ambiguity, but some uncertainty as to your theory that this is the only way they could get it via 90, 2190? Well, all I can say is that that tax, that special service area tax that was imposed on that particular lot must have been paid by the owner, or in the alternative, there was a gullible tax buyer that went in the next two or three years and paid it and then turned around and scratched his head and said, oh my, I've still got four or five more years of looking at this. But for some reason, I checked 14, I think, did you say 14 TX 39? Checked that file, and that particular certificate had never been forfeited, that particular tax on that parcel had never been forfeited to them. Is there a golf course in the area or a goldmine? Goldmine, I would hope. That leads me to the last argument, and again, I will be brief, unless you have questions. 65 ILCS 5 backslash 11-111-3, I mentioned it in the brief. Basically, it establishes that there's a lien on real estate once this is imposed. And that lien, if you look at the last sentence of the second paragraph, it says, that the bond shall be a lien upon the designated property from this date until paid off and discharged. So we have, on all three lots, we've got municipal liens. But we don't have a copy of that bond in this record. And the trial court didn't either. No, but the trial court did have the ordinance that established this whole special service area. And again, my response to that is, that treasurer doesn't have the authority to impose that tax unless the bond has already been established. Treasurer went ahead and imposed the tax, the DeKalb County treasurer. Owner saw the light at the end of the tunnel, didn't pay it, my clients walked in. Bought it at the tax sale and learned later. So what I'm asking is that this court- Was Young v. Johnson decided in derogation of what you're arguing here? I'm sorry, I didn't catch that. In the case of Young v. Johnson, was that decided in derogation of what you're arguing here? I mean, because in that case, there were bonds, there were bondholders. But they still said you could proceed by way of taxing. I'm sorry, I'm trying to remember that case and I don't have a recollection of it. That was a DeKalb County case out of this district. 2011 was our case. I'm sorry, I don't have any further recollection of that, I apologize. It's cited in the county's brief. In the county's brief, okay. So what we're asking is that this court reverse the decision of the trial court. And remain in this case with directions to interview order declaring sale and error in all three cases. Thank you. Ms. Chau-Chammy. May it please the court, counsel. Good morning, justices. My name is Sarah Gallagher-Chammy. I'm an assistant state's attorney for the DeKalb County State's Attorney's Office here, representing the DeKalb County Collector. If I could clear up just a few issues or questions that you had by way of the record. I believe the ordinance which you had asked counsel if it was in the record was submitted as exhibit number two in the common law record. The property taxes which Vista has acquired or had purchased were for property taxes that went unpaid in the year 2010 at the property tax sale which occurred in November of 2011. In addition to one other factual issue that counsel did bring up that I just want to address with the court. Nowhere is it in the record, nor can I stand here today to tell you that Portland has now taken all of these properties back. They are not necessarily the owners. I believe that's still being disputed as to how those properties are going to proceed and who the actual owner of those properties are. As listed in the common law record, it may still be the DeKalb County trustee at this point as we have no title on these specific properties. Well, it's not the DeKalb County trustee, it's DeKalb County as trustee. Correct, of the taxing bodies. Right. And there are numerous taxing bodies that are involved here that DeKalb County as trustee is speaking as the one voice for those various taxing bodies. And that's why I believe the statute was created and stated in the way as trustee for taxing bodies. They preserve the property pending someone else taking title. Correct, correct. I believe that is a true statement. But they are a municipal entity, are they not? DeKalb County is a governmental unit, pardon me. Correct, DeKalb County is a governmental unit, but DeKalb County as trustee for taxing bodies, there is no statute or case law that says that they are a government entity. That yes, DeKalb County is a government entity. But DeKalb County as trustee for the taxing bodies has to act on behalf and in the best interest of all the taxing bodies that are included. And in this specific instance, we're talking the township of Portland, local school districts, our local community college. So they are not acting for the specific purpose of DeKalb County. Are any of those entities not governmental units? To my knowledge, none of the, excuse me. To my knowledge, those entities are government entities, but the way, the action that is being taken at this point in terms of preserving the property, that is being handled by DeKalb County as trustee. It is not being handled at this point by the individual governmental entities. And is there any tax being assessed on those properties as DeKalb County holds them as trustee? If you could potentially rephrase that question, I'm not sure exactly what's being asked. Well, governmental entities are not taxed on property that they own or manage or, in this case, care for. And that's because they are governmental units. So are there taxes being imposed on these properties in this interim period of time? I understand. Yes, there are. There are still taxes that are being assessed against those properties at this period of time. So when and if- They accumulate until title changes. Correct, and that's as Council had indicated, another gullible tax buyer could come along and would see these growing numbers that they may, much as I believe Mr. Ballinger, who represents Vista, said something didn't look right. These numbers seemed high. The tax amounts seemed very high. Because these numbers keep growing. They don't just disappear. That's the risk that tax buyers take. That's a risky business, and you have to know what you're doing, and you have to study the future as well as the current year, correct? Absolutely, and that's what, in 2011, the property taxes obviously went unpaid as well. And that unfortunately resulted in, for lack of a better term, the property taxes and the property itself defaulting back upon the county as trustee to deal with this. The tax property system, my understanding of it is the legislature is to get these properties back on the tax roll. And that's why the statutes were created in the manner in which they were. So it has now become incumbent upon the DeKalb County as trustee to do what is necessary to get these matters back on the tax roll. The history that you just talked about is helpful if it would have been in the brief. And the discussion of the purposes and the policy behind these provisions would be helpful. And it's the both parties, if that was laid out in the briefs. I appreciate that note, and we'll take that into consideration for the next time. That is, to some extent, why I pointed to the discussions in the bankruptcy courts. Again, obviously not authoritative in this particular court, but they give an excellent history of the tax sale system in the state of Illinois, especially in relation to other states and the way that their tax systems work. If the county took under 21-90, would Vista be entitled to a sale and error? They would not be entitled to a sale and error, again, because they take as trustee for all taxing bodies. Well, I mean, 21-90 says that they take as trustee for all taxing bodies. Correct. And then 21-95 talks about tax abatement after acquisition by a government unit and cites 21-90 if a county acquires a deed under 21-90. At this point in time, the deed, one, has not been perfected for, again, lack of a better term, or has not been recorded. To our knowledge, and there's nothing in the common law record that indicates that. I think that 21-95 looks more towards the Thornton case, which counsel had cited in his brief, where a government entity owned the property. They took that property for a specific purpose in Thornton, and this is not as trustee, but for a specific purpose for a reservoir or a pond, correct? Correct, they took it for, I believe, a reservoir. They took that property. The tax sale, which occurred in that case, did not occur until after the government had already been in possession, recorded a tax deed, and was using it for that specific purpose. So does that have to happen then? I mean, they have to record the tax deed before 21-90 comes into play? No, 21-90 is how they come into possession of the property. But they applied to purchase the property as trustee for the taxing district. They applied to take ownership of that property. But again, that does not mean that DeKalb County takes that property for their own use. Again, they still have to answer, because it's DeKalb County as trustee, they still have to answer to the various taxing bodies. DeKalb County does not simply take that property as their own, as a government entity. While they're holding it as trustee, no money is flowing out to the taxing districts, but the taxes accumulate until somebody else takes title, correct? That is correct, and at that point in time, my understanding, and again, this is not in the brief and may have been helpful, but speaking with our county collector. What would occur is that those properties would go on to a catalog sale. If someone wanted to, they could come in and they could purchase those properties at that time. At that moment, my understanding is when DeKalb County as trustee would record their deed and the next document would be the recording of deed of the purchaser of that property after the appropriate funds have been paid. And when those appropriate funds have been paid, that money doesn't come to DeKalb County or DeKalb County as trustee, it goes to the various taxing bodies. One of which is DeKalb County, but it's also the Township of Portland, the local school districts, the Forest Preserve, etc. And would you agree, and I think council conceded, that we look at the status of the parcels at the time of the tax sale and when determining whether or not there's a sale in error, correct? I would agree with that, and at the time, the parcel was not owned by any government entity at that point in time. So it's your position that nothing would have prohibited Vista from petitioning for a tax deed? There's nothing that would have prohibited Vista from petitioning for tax deed at the time that they made the request for the sale in error, but for. They were running out of time. Correct, that would be my first by statute that time would run. One day under. Correct, and in addition, there may have been an issue. When property taxes go up for sale in the 2011 year, any tax buyer could have come in and purchased those. They may not have defaulted something to the county. At that point, that new tax buyer, my understanding, would have a subsequent right to that property. That's really what the situation is here, regardless of who that subsequent tax buyer is. Another person came in and acquired, it was DeKalb County as trustee, but another entity came in and acquired those taxes. So they may not have been able to acquire a tax deed, but not because it was owned by a government entity, but because there was a subsequent tax right on that property. Because DeKalb had purchased it, or acquired it as trustee. Because DeKalb County as trustee for the taxing bodies had acquired that property. But again, it is not because it was owned by a government entity. It was because there was a subsequent tax right. There's more taxes on the property that have to be paid. Correct. At some point in time, everybody pays, or somebody pays. Somebody's going to have to pay at some point in time. And again, if DeKalb County wanted to come in for a purpose, such as our DeKalb County Forest Preserve wanted to come in, they have the right to go to the catalog sale and pay all the taxes that are due and owing in the purchase of that property. That has not been done as of yet. That's just a hypothetical situation to present to the court. What would have to be proven in a court to determine that there was a lien placed on these properties? I would submit that there was not a lien placed upon this property. What would have to be proven? By way of what would have to be proven is the format in which the lien was placed upon that property. That's a bit of a confusing answer, I know. Because this special service area tax, the way that those are created is laid out by statute. And there's a nine point process through ordinance and public hearing. How the special service areas are created and then how the taxes levied against those. A lien is a separate entity and a separate manner in which monies are assessed against a property. The example that came to mind was if your lawn is overgrown and the municipality comes in and mows your lawn, they have a right to file a lien against that property. It is a much simpler process than these very specific statutory authority that creates the special service area. And the special service area tax that we're talking about with these specific properties. As you- Is there any question that the district, the area was created? I don't believe that there is a dispute that the area was created. I believe this court has addressed similarly situated special service areas to this specific area in our appellate court, being the Cortland Taxes in Young v Johnson. This court specifically has addressed these special service areas before. So then the next question is, the special service areas created, has there been proof that there was an actual assessment by that in this record? I'm not aware that there's in this record proof that the actual special service area tax was created. I think the only thing that we can look to at this point based upon the common law record is the indication that Mr. Ballinger, who is the owner of Vista Securities, testified that he did further research to find out that it was a special service area tax that was so high. Can we take judicial notice of anything at this point? I don't believe that you can, Your Honor. At this point in time, obviously you can take judicial notice of the common law record. But you obviously, as you previously have indicated to counsel, do not have the bond before you. You do, I believe, have the ordinance, but you do not have the bond as previously stated. If we had the bond, would there be a lien under the municipal code? No, there would not be a lien under the municipal code. Again, as addressed previously by this court in Young v Johnson, the special service area and the special service area tax is separate from a lien. And that issue has already been resolved or stated before by this court. And how that can be assessed through the property tax sale rules. This court's already ruled on that matter, and I would ask this court to look at that case, in that there is a difference between a municipal lien and a special service area tax. It is very different and there's a different- I thought Young's made the distinction between special service area assessments and taxes. It absolutely did. You are correct. But again, it showed that there is a distinct statutory authority for special service area tax. And that's what we're talking about here today, that that is not a lien, that it is its own body or dollar amount. To sit there and say, is this a lien or isn't this a lien? I think in the broadest scheme, we could say any monies that are due or owing on any property are a lien against that property, it's money that has to be paid. However, there's specific statutory authority which creates this special service area tax. That- The council argues that you could not impose the special service area tax on these lots without the bonds being issued. And that the bonds, under the municipal code, the section that recites 1111-3 specifically says that when bonds are issued, they shall be a lien on respective properties. However, these were done under, I believe it is section 35 ILCS 227-75, which leads to the special service area tax. Those are separated apart. And yes, in that process, in the nine point process of how a special service area is created and how a special service area tax is assessed, they do talk about bonds. They do talk about liens. However, this is a different statutory authority, or at least our argument would be, than a general municipal lien at this point in time. And these can be, as previously said in Young v. Johnson, under the municipal code, I believe section two, article nine, can be assessed on the property tax rolls. If I may go then to the third argument, in that there was an error in the tax certificate or tax sale list. I believe counsel used those terms somewhat interchangeably in regards to the tax certificate and tax sale list. Your Honor, so previously ruled in Ray King County, which I cited in my brief, the certificate must describe four very simple things, the property, the date of the sale, the amount of taxes in total, the amount being a singular amount, that the sale price has been paid. Those were all, I believe, addressed. Counsel had indicated that there's been no proof in the common law record that indicates that those four points were not met. There's no further questions. In conclusion, I would just simply state that we would ask that you uphold the ruling and deny the ruling that there was a denial of the sale and error. Thank you. Thank you. Mr. Moreland. Thank you, Your Honor. Again, I just have a few points I wanted to make. There seemed to be an attempt to draw a distinction between a special assessment or a special tax. And I'd like to direct the court's attention back to 65 ILCS 5-11-111-3. Wherein it says, issues a series of bonds sufficient to pay the special assessment or special tax. So ascertained for each district, when so issued and endorsed, provided for in this section, these bonds shall be a lien upon the respect of lots, whether it's a special assessment or a special tax, no matter what we call it. It's a lien under this statute. And Judge, I don't mean to be showing any disrespect, but I'm not conceding that we look at the parcel at the date that the motion, or the date of the tax sale. In fact- You said depending upon under what subsection? Well, as I'm sitting back there, I'm thinking EPA violations can occur after the tax sale. Bankruptcies can occur after the tax sale. Substantial destruction can occur after the tax sale, a multitude of things. So we never focus. Substantial destruction is the one where you focus from the date of the tax sale to the date that you could have taken out a deed. And here we're talking about ownership by- Ownership if the city, county, other taxing district recorded a deed at any time during which my client had a certificate. He's entitled to a sale in there. We're not looking at the date of the sale at that point in time. The county could have decided along the way they want that property for some other purpose as well. They could have gone to the buyer and said we'll give you a thousand bucks. Okay, record the deed. We can't take it away from a taxing district. That was the reason I cited that case, is any taxing district that owns property, we can't take it away from, a tax buyer cannot. And the next thing I wanted to correct is, after June 20th, we couldn't petition for a tax deed because we'd get nothing. The period of redemption had expired on that county, on the county certificates, county trustee certificates. So we had to be throwing money to the circuit clerk's office because we'd get nothing. As far as are these properties taxed after the certificate is forfeited to the DeKalb County as trustee, I would take exception to that. They may attempt to sell that next year's tax at the annual tax sale. But any tax purchaser that I know of is going to see that the county's already got a certificate on it. And so they're not going to touch it. And so that tax gets merged into, because there's no money that exchanges hands between them. It continues to accumulate, but county of DeKalb, whether as trustee or as county of DeKalb, isn't going to pay those taxes. Well, yeah, I think, ultimately, I think under, what was it, 2195, there's a merger situation. Because once DeKalb County as trustee records their deed, they're going to have a county trustee sale. And the starting purchase price, I don't know about DeKalb, but most other counties I travel, the starting purchase price is $600. So they have their trustee sale, try to move as many properties as they possibly can. And Macon County, where I'm from, they don't move 50% of the properties that the county owns. So anyway, I wanted to make sure and point those out.  Thank you. Thank you, counsel, for arguing here today. We will take the matter under advisement. We will issue a decision. It has been a very interesting discussion, and we will now stand adjourned. Thank you.